**GUO LIANG LIN, Petitioner,**

**v.**

---

**Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.**

**No. 06–4631–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 19, 2007.

Thomas V. Massucci, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Leslie McKay, Senior Litigation Counsel, Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Guo Liang Lin, a native and citizen of the People's Republic of China, seeks review of a September 12, 2006 order of the BIA affirming the July 20, 2000 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Liang Lin*, No. A70 907 546 (B.I.A. Sept. 12, 2006), *aff'g* No. A70 907 546 (Immig. Ct. N.Y. City Jul. 20, 2000). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds, Shi Liang Lin v. U.S. Dept. of Justice*, 494 F.3d 296, 304–05 (2d Cir.2007).

▇ We conclude that the agency properly found that the portion of Lin's testimony alleging that he released two women from the birth control facility, and that the government sought his arrest for that ac-

tion, was not credible. The IJ found that Lin's testimony was inconsistent with his previous statements, as neither of those written documents includes that assertion. Lin explained that the first statement was prepared by a non-attorney and the second statement, which was prepared by his attorney, did not include that assertion because he only related information about his wife's suffering. However, the IJ properly refused to credit that explanation, because a reasonable factfinder would not have been compelled to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). This was a substantial inconsistency that went to the heart of Lin's claim because it allegedly provided the basis for the Chinese government's desire to arrest him upon his return. Accordingly, it provides substantial evidence for the adverse credibility finding.[2]

▇ Title 8, section 1158(b)(2)(A)(i) of the United States Code prohibits granting asylum to persons determined by the Attorney General to have "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." A similar provision bars such persons from being granted withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(i). Pursuant to that section, the IJ and the BIA properly found that Lin was barred from asylum for participating in the persecution of others, as he testified that he served as a guard at a birth control facility. Lin asserted that his duties as a guard included ensuring that persons who had been arrested did not escape from the

---

2. Lin argues that the BIA engaged in improper factfinding in concluding that his testimony that he released two women from detention was not credible, because "the IJ made no indication that she believed this testimony to not be credible." But the IJ, in no uncertain terms, asserted, "[I]t is only now that he alleges that people were sent to arrest him because he had released people. I do not find this claim to be credible...."

facility. Lin also testified that the women whom he was guarding at the facility had been arrested for violating the family planning policy and were scheduled to undergo abortions. He stated that he went to the homes of suspected violators and stood by while his colleagues broke down the doors and arrested the suspects.

In *Zhang Jian Xie v. INS,* 434 F.3d 136, 143–44 (2d Cir.2006), this Court found that a petitioner who drove captured women in a locked van to the abortion facility played an "active and direct" role in their persecution because he had "ensured that they were delivered to the place of their persecution." *Id.* at 143. Accordingly, this Court concluded that the IJ properly found that the petitioner's actions constituted assistance in persecution, barring him from eligibility for asylum and withholding. *Id.* at 144. Likewise, Lin's actions in preventing women from escaping the abortion and sterilization facility amounted to assistance in persecution, because he played an "active and direct" role in ensuring that they were forced to undergo abortions and sterilizations. Therefore, the BIA and IJ did not err in finding that Lin was barred from obtaining asylum and withholding of removal as someone who assisted in persecution.[3]

Because the only evidence that Lin was likely to be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

[3]. While Lin argues that his release of two women from the abortion facility were redemptive acts that excused his actions in guarding the facility, that contention is unavailing, as the IJ properly found that portion of his testimony not credible.